UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-21743

CHRISTOPHER CARTER,

     Plaintiff,

vs.

HOLLYWOOD CHRYSLER PLYMOUTH,
INC. d/b/a HOLLYWOOD CHRYSLER JEEP,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER CARTER ("Plaintiff") sues Defendant HOLLYWOOD CHRYSLER PLYMOUTH, INC. d/b/a HOLLYWOOD CHRYSLER JEEP ("Defendant") for violations of 15 U.S.C. § 1681, *et. seq.*, the Fair Credit Reporting Act ("FCRA"), and in support thereof, states:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides here, Defendant transact business here, and a substantial part of the events and omissions complained of took place in this District.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant is a Delaware corporation, with its principal place of business located in

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

2100 North State Road 7, Hollywood, Florida 33021.

5.      Defendant operates a new and used car dealership in Hollywood, Florida, of which Defendant holds out to the public as "Hollywood Chrysler Jeep."

6.      Plaintiff is a consumer as that term is defined by § 1681a(c) of the FCRA.

7.      Defendant is a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" pursuant to 15 U.S.C § 1681 of the FCRA.

## ALLEGATIONS

8.      On May 26, 2017, Plaintiff went to Defendant's place of business, Hollywood Chrysler Jeep, located at 2100 North State Road 7, Hollywood, Florida 33021.

9.      On May 26, 2017, Plaintiff selected a 2014 Jeep Wrangler (VIN: 1C4HJWEG9EL224205) from Defendant's inventory (the "Jeep"), negotiated a cash purchase price, and purchased the Jeep from Defendant.

10.     Plaintiff secured the funds needed to purchase the Jeep from Defendant through an interest-bearing loan from Capital One Auto Finance ("COAF") in exchange for, among other things, a security interest in the Jeep in favor of COAF (the "Auto Loan").

11.     At all times material, Plaintiff made all required payments due and owed under the Auto Loan and otherwise did not default on the Auto Loan.

12.     Without Plaintiff's authorization and without any permissible purpose, Defendant directly, and indirectly, accessed Plaintiff's credit file from Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("TransUnion"), *at minimum*, eight (8) times between May 12, 2018, and February 15, 2019.

13.     Experian, TransUnion, and Equifax are each interpedently considered a "consumer reporting agency" as defined by § 1681a(f) of the FCRA.

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

14.     As a consumer reporting agency, each Equifax, Experian, and TransUnion act as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.

15.     Defendant is a subscriber and user of consumer reports issued by Experian, Equifax, and TransUnion.

16.     Defendant furnishes data about its experiences with consumers with whom it transacts business to Experian, Equifax, and TransUnion, in that, Defendant is a furnisher of information, as contemplated by § 1681s-2(a) & (b) of the FCRA, that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer.

17.     Long after purchasing the Jeep from Defendant, and without any permissible purpose set forth under the FCRA, on May 12, 2018, Defendant first began wrongfully accessing the contents of Plaintiff's credit file (through, *inter alia*, what is colloquially known as a "hard pull" or "hard inquiry" of Plaintiff's credit file) from Experian, Equifax, and TransUnion.

18.     Between May 12, 2018, and February 15, 2019, access to Plaintiff's individual and personal credit file from Experian, TransUnion, and/or Equifax, was impermissibly obtained and reviewed, at minimum, eight (8) times (all without any permissible purpose afforded by the FCRA) by and through the actions of Defendant.

19.     In making and/or causing said eight (8) different inquires, Defendant made a general or specific certifications to Experian, TransUnion, and/or Equifax, wherein Defendant claimed it sought the information because it (Defendant) had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account. Defendant, however,

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

did not have any such legitimate business need for the information sought, obtained, or provided.

20.     All conditions precedent to the commencement of the above styled action have occurred or have been waived.

*COUNT I.*
**VIOLATION OF THE FCRA**

21.     Plaintiff incorporates by reference paragraphs 1-20 of this Complaint as though fully stated herein.

22.     Simply put, on a minimum of eight (8) different occasions between May 12, 2018, and February 15, 2019, Defendant violated section 1681b(f) of the FCRA by obtaining Plaintiff's consumer report, as well as causing others to obtain Plaintiff's consumer report, from Experian, TransUnion, and/or Equifax without a permissible purpose as defined by 15 U.S.C. § 1681b.

23.     The FCRA establishes very specific rules placing limitations upon an entity (or "person") seeking to obtain a consumer's credit history or the content of a consumer's credit file, as follows:

> (f) Certain use or obtaining of information prohibited.—A person shall not use or obtain a consumer report for any purpose unless—
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. § 1681b(f).

24.     Section 1681b(a)(3) of the FCRA lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

> (a) In general … consumer reporting agency may furnish a consumer report under the following circumstances and no other:

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

* * *

(3) To a person which it has reason to believe—

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> * * *
>
> (F) otherwise has a legitimate business need for the information—(i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

25.     Defendant did not have any permissible purpose, as set forth under the FCRA, to access Plaintiff's consumer report from Experian, TransUnion, or Equifax.

26.     Defendant had actual knowledge that it had no permissible purpose to obtain Plaintiff's credit information from Experian, TransUnion, or Equifax.

27.     For Defendant to access the consumer credit history of a consumer whom is known by it to not have any account with Defendant constitutes willful non-compliance with the FCRA.

28.     As a direct and proximate result of Defendant's willful conduct as outlined above, Plaintiff is entitled to statutory damages, plus punitive damages and reasonable attorney's fees together with the costs of this action as provided by § 1681n of the FCRA.

29.     Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation as set forth in § 1681o of the FCRA. In this regard, Plaintiff is entitled to recover his actual damages, in an amount to be proven at trial, plus attorney's fees together with the costs of this action.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, respectfully, demands a trial by jury on all issues so triable.

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff CHRIS CARTER, respectfully, requests that this Court enter

Judgment in his favor and against Defendant for the following:

a.      Actual damages;

b.      Statutory damages;

c.      Punitive damages;

d.      Attorney's fees and costs;

e.      Such other and further relief as this Court deems just and proper.

DATED: May 2, 2019

Respectfully Submitted,

/s/ Thomas J. Patti               .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.  118377
E-mail:tom@rodallaw.com
**YECHEZKEL RODAL, ESQ.**
Florida Bar No.  91210
E-mail:chezky@rodallaw.com
RODAL LAW, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309
Phone: (954) 367-5308
Fax:    (954) 900-1208

*COUNSEL FOR PLAINTIFF*

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com